# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BETTE KING, on behalf of | § | |
| JENNIFER C. CHANEY | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-338 |
| | § | Judge Mazzant |
| TEXAS MEDICAL BOARD, ET AL. | § | |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

On April 16, 2013, the Court entered a report and recommendation that Defendants' Motion to Dismiss (Dkt. #23) be granted. On April 23, 2013, the case was referred to the undersigned after consent of all of the parties. On May 2, 2013, Plaintiff filed objections (Dkt. #47).

On June 8, 2012, Plaintiff *pro se* filed a Complaint against the Texas Medical Board (the "Board"). On June 28, 2012, the Court granted Plaintiff's request to proceed *in forma pauperis* and denied her request for counsel (Dkt. #6), and ordered Plaintiff to file an amended complaint which provides additional facts that would support her claim against the Board as well as how she has capacity to pursue this lawsuit. On July 16, 2012, Plaintiff filed an Amended Complaint (Dkt. #8). Plaintiff named as Defendants individuals who are currently employed by the Board, were previously employed by the Board, or who are or in the past have been Board members. Plaintiff did not name the Board as a Defendant in the Amended Complaint.

Plaintiff started this lawsuit by filing a General Complaint on a form available on this Court's website. She named the Board as the only Defendant. Her "Statement of Claim" contained three paragraphs. The first simply referenced the 14th Amendment to the United States Constitution. The second paragraph referred to alleged "Medical Boards (sic) negligence" which, Plaintiff claims, "escalated to the death" of her daughter and another patient. The third paragraph alleges that the Board violated the privacy rights of Plaintiff's daughter.

Plaintiff then filed an Amended Complaint on a form available on this Court's website. Plaintiff alleges that she was advised by Congressman Burgess that she could file suit against the Board in federal district court for violation of her due process rights. Plaintiff further alleges that the Board failed "to exercise that degree of care that in the circumstances, the law requires for the protection of other persons or those interests of other persons that may be injuriously affected by the want of such care." Plaintiff goes on to list several Board orders involving Board licensee Greggory K. Phillps, M.D. Plaintiff then alleges, referring to a complaint she submitted to the Board on November 18, 2009, that "[t]heir (sic) is no valid reason for the T.M.B. to have included Patient A in the answer to [her] complaint of Apr. 8th, 2011." Plaintiff further alleges that the Board knew that Dr. Phillips "took another life, which was my daughter." She further complains about the amount of time it took for the Board to respond to her complaint. She concludes by stating that "[o]n Dec. 15th, 2010 the Texas Medical Board made a deal with [Dr. Phillips], I will prove that, if given the chance in a Court of Law."

On January 2, 2013, Defendants filed a motion to dismiss. On January 18, 2013, Plaintiff filed a response (Dkt. #24). On January 25, 2013, Defendants filed a reply (Dkt. #25). On February 8, 2013, Plaintiff filed a sur-reply (Dkt. #30).

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane,* 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will

accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiffs. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

**Analysis**

Defendants raise the following grounds to support dismissal of this case: (1) Plaintiff fails to state a claim upon which relief may be granted, since it is clear from her amended complaint that she pleads no legally cognizable cause of action and there is no possibility that Plaintiff can state a claim for which relief should be granted. FED. R. CIV. P. 12(b)(6); (2) Plaintiff's amended complaint demonstrates that she lacks standing to bring this suit and, as such, this Court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); (3) in the alternative, to the extent Plaintiff has pleaded any legally recognizable cause of action, it remains that the Board is entitled to sovereign immunity, and all of the individual Board Defendants are entitled to qualified immunity because Plaintiff has pleaded no facts demonstrating that any of the Defendants' conduct amounted to a violation of any right. Nor has Plaintiff pleaded any facts which would show that Defendants' actions were objectively unreasonable; and (4) in the alternative, this cause should be dismissed for lack of proper venue. FED. R. CIV. P. 12(b)(3). None of the individual Board Defendants reside in the Eastern District of Texas.

**Standing**

Defendants assert that Plaintiff's pleadings demonstrate that she lacks standing to bring any conceivable claim against the Board Defendants, and this Court lacks jurisdiction.

Plaintiff has the burden of proof and persuasion as to the existence of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Int'l Ass'n of Machinists & Aerospace Workers v. Goodrich Corp.*, 410 F.3d 204, 211-12 (5th Cir. 2005). In determining standing, the Court must undertake a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (quoting *Allen v. Wright,* 468 U.S. 737, 752 (1984)). The question of standing involves the determination of whether a particular litigant is entitled to invoke the jurisdiction of the federal court in order to decide the merits of a dispute or of particular issues. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004).

Standing has both constitutional and prudential aspects. *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001). To satisfy the constitutional standing requirement, "a plaintiff must show (1) an injury in fact (2) that is fairly traceable to the actions of the defendant and (3) that likely will be redressed by a favorable decision." *Id.* Thus, to have constitutional standing, Plaintiff must show that she has suffered some actual or threatened injury as a result of the alleged conduct of the United States. *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 98 (1979). Additionally, there must be a causal connection between Plaintiff's alleged injury and the alleged conduct of the United States, and Plaintiff must show that this injury is likely to be redressed should the court grant the relief requested. *Allen,* 468 U.S. at 751.

Defendants assert that it is apparent from Plaintiff's amended complaint that she is attempting to bring claims on behalf of her daughter. Defendants further assert that nowhere in the amended complaint does Plaintiff show that she has the legal capacity to bring claims on behalf of her daughter or her daughter's estate. Defendants further allege that Plaintiff does not assert any facts or claims which pertain to any particularized harm to herself as opposed to her daughter.

Plaintiff responded to the Court's question regarding her capacity by stating in the amended complaint, "I have common sense, perseverance, determination and an investigative mind" and "the capacity of locating and defining information needed to follow through with the correct legal procedures that may be needed to address the Court and the Jury, competently and effectively." In response to the motion to dismiss, Plaintiff asserts that "[i]f I did not have standing the Court would not have let the summons be served to the Defendants."

The Court agrees with Defendants that Plaintiff has failed to establish that she has standing or capacity to pursue this litigation. She may not assert claims on behalf of her daughter, because she has not demonstrated that she has the authority to proceed. Although the Court allowed summonses to be issued, that did not mean that the Court found any merit in the claims being asserted or that Plaintiff had standing to pursue this litigation.

Because Plaintiff has failed to establish that she has standing or the capacity to pursue this litigation, the Court finds that the Court lacks subject matter jurisdiction over this case and recommends that the case be dismissed without prejudice. Although in her objections, Plaintiff asserts that she has actual verbal authority prior to filing this lawsuit as well as express actual authority from her son-in-law, this fails to demonstrate that she has standing to pursue this litigation Nowhere in the amended complaint does Plaintiff show that she has the legal capacity to bring claims on behalf of her daughter or her daughter's estate.[1]

It is therefore ORDERED that Defendants' Motion to Dismiss (Dkt. #23) is hereby GRANTED and the case be DISMISSED without prejudice for lack of subject matter jurisdiction.

---

[1] Because the Court found a lack of subject matter jurisdiction, the Court does not address the remaining arguments raised by Defendants.

**SIGNED this 17th day of May, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE